IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

VIKING ERECTORS CORP.,

    Plaintiff,

v.

ALERIS ROLLED PRODUCTS, INC.,

    Defendant.

Civil Action No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Viking Erectors Corp. states for its Complaint against Defendant Aleris Rolled Products, Inc. as follows:

### Parties

1.    Plaintiff Viking Erectors Corp. ("Viking") is a corporation organized and existing under the laws of the state of New Jersey with its principal place of business at 108 W. McMurray Road, McMurray, PA 15317.

2.    Defendant Aleris Rolled Products, Inc. ("Aleris") is a corporation organized and existing under the laws of the state of Delaware with its principal place of business at 25825 Science Park Drive, Suite 400, Beachwood, OH 44122.

### Jurisdiction and Venue

3.    This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) because there is diversity of citizenship between Viking and Aleris and the amount in controversy exceeds $75,000, exclusive of interests and costs.

4.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Aleris resides in the judicial district of the Northern District of Ohio.

**Factual Background**

5. Viking is a contractor specializing in the supply and/or installation of all types of metal roofing and siding, light structural steel, pre-engineered metal buildings and related accessories.

6. In June of 2015, Viking entered into a contract with Aleris (the "Contract") whereby Viking agreed to furnish and install building enclosure components, including siding and roofing, in connection with the expansion of Aleris's existing rolling mill plant and twin Continuous Annealing Line with Pre-Treatment ("CALP") lines in Lewisport, Kentucky (the "Project"). A true and correct copy of the Contract is attached hereto and incorporated herein as **Exhibit 1**.

7. Performance and interpretation of the Contract is governed by the law of the Commonwealth of Kentucky.

8. Pursuant to Article 3 of the Contract, Viking was to perform its Contract work in accordance with the Approved Project Schedule attached to the Contract as Exhibit B.

9. The Approved Project Schedule contemplated Viking commencing its work July 15, 2015 and completing its work December 23, 2015, or a 24-week duration for Viking to perform its work.

10. Through no fault of its own, Viking experienced delays that resulted in its Project construction schedule being extended by 15 weeks.

11. As a result, Viking incurred additional costs of $86,438.00 for additional general foreman time and costs, equipment use, and office trailer use in order to complete its Project work.

12. Pursuant to the Contract, Viking promptly provided Aleris with written notice of delays to its schedule by e-mail dated January 29, 2016 and the associated costs of those delays via letter dated December 12, 2016. A copy of the January 29, 2016 e-mail string is attached hereto and incorporated herein as **Exhibit 2,** and a copy of the December 12, 2016 letter is attached hereto and incorporated herein as **Exhibit 3**.

13. Pursuant to the Contract, and at the suggestion of Aleris, on December 12, 2016, Viking also submitted Change Order Request No. 020 to recover the additional costs associated with the delay to the Project. A copy of Change Order Request No. 020 is attached hereto and incorporated herein as **Exhibit 4**.

14. Despite repeated inquiries and requests for payment by Viking, Aleris refuses to reimburse Viking for its delay costs.

15. Viking completed its work in a good and workmanlike manner, and Aleris accepted and approved all of Viking's work without objection or complaint.

16. Viking achieved substantial completion of its work on or before October 12, 2017, and submitted to Aleris its final application for payment seeking release of $322,144.89 in retention funds that Aleris withheld over the course of the Project.

17. Despite accepting all of Viking's work without objection or complaint, Aleris has failed and refuses to release the $322,144.89 payable to Viking based upon the an interpretation by Aleris that Section 9.10.2.13 of the General Conditions to the Contract ("Section 9.10.2.13") requires a full and unconditional final release of all claims Viking has related to the Project, including, *inter alia*, Viking's claim for delay damages as set forth in Request for Change Order No. 20, in order to receive the $322,144.89 retention payment.

18. Section 9.10.2.13 does not require Viking to waive its claims to delay damages in order to receive its retention. To the extent it does, Section 9.10.2.13 is void and unenforceable as against the public policy of the Commonwealth of Kentucky pursuant to Ky. Rev. Stat. Ann. § 371.405(2)(c).

19. Accordingly, Aleris continues to wrongfully withhold retention of $322,144.89 due Viking in violation of the terms of the Contract as well as Kentucky's Fairness in Construction Act, Ky. Rev. Stat. Ann. § 371.400 *et seq.* (the "Fairness in Construction Act").

## **COUNT I – BREACH OF CONTRACT**

20. The foregoing paragraphs are incorporated by reference as if set forth in full herein.

21. The Contract created an enforceable agreement between the parties.

22. In accordance with the Contract, and at the direction of Aleris, Viking provided certain labor and materials to the Project.

23. Viking's Project work was performed in a good and workmanlike manner, and was accepted by Aleris.

24. Through no fault of its own, Viking experienced delays that caused it to incur additional costs for general foreman time, equipment, and office trailer in order to complete its Project work.

25. Pursuant to the Contract, Viking promptly provided Aleris with written notice of its delay as well as a calculation of the additional costs resulting therefrom.

26. Pursuant to the Contract, and as directed by Aleris, Viking submitted Change Order Request No. 020 requesting compensation for these additional costs.

27. Aleris materially breached its contractual obligations by failing to make payment of $86,438.00 due and owing Viking pursuant to Change Order Request No. 020.

28. In addition, Aleris materially breached its contractual obligations by wrongfully withholding retention of $322,144.89 due Viking.

29. As a result of Aleris's material breach of the Contract, Viking has suffered damages in the principal amount of $408,582.89, being the sum of Change Order Request No. 020 and the wrongfully withheld retention, exclusive of interest, attorney's fees, and other damages.

30. Pursuant to the Contract, Viking is entitled to interest on all amounts due and unpaid under the Contract, namely the extra costs associated with Request for Change Order No. 020 and the amount of the wrongfully withheld retention.

31. Viking has completed all of its obligations under the Contract and has otherwise satisfied all conditions precedent necessary to recovery against Aleris.

**WHEREFORE**, Viking Erectors Corp. respectfully requests that this Honorable Court grant judgment in its favor and against Aleris Rolled Products, Inc. in an amount in excess of $75,000.00, as well as costs, prejudgment interest, post judgment interest, and any other relief the Court deems appropriate.

### COUNT II – QUANTUM MERUIT
### (In the Alternative)

32. The forgoing paragraphs are incorporated by reference as if set forth in full herein.

33. In the alternative, Viking pleads a cause of action of quantum meruit.

34. Aleris requested and directed Viking to perform all work performed by Viking on the Project.

35. Viking rendered valuable services to Aleris in connection with the Project in the form of all labor and materials associated with furnishing and installing building enclosure components, including siding and roofing, among other things.

36. Aleris understood and agreed it would compensate Viking for Viking's work on the Project.

37. Viking performed its work in a good and workmanlike manner in reliance upon the understanding that Aleris would compensate Viking for its work.

38. Aleris accepted and benefitted from Viking's work, and all of Viking's work was incorporated into the Project.

39. Despite this, Aleris has failed and refuses to compensate Viking for all of its work on the Project.

40. Aleris has an equitable obligation to compensate Viking for its work based upon the doctrine of quantum meruit.

41. It is inequitable for Aleris to receive, accept, and continue to enjoy the full benefit of Viking's work without paying Viking for the full value of its work.

**WHEREFORE**, Viking Erectors Corp. respectfully requests that this Honorable Court grant judgment in its favor and against Aleris Rolled Products, Inc. in an amount in excess of $75,000.00, as well as costs, prejudgment interest, post judgment interest, and any other relief the Court deems appropriate.

### COUNT III – VIOLATION OF THE KENTUCKY FAIRNESS IN CONSTRUCTION ACT (KY. REV. STAT. ANN. § 371.400, et seq).

42. The foregoing paragraphs are incorporated by reference as if set forth in full herein.

43. Pursuant to the Contract, Viking provided labor and materials to Aleris to incorporate into a private construction project situated in the Commonwealth of Kentucky.

44. As such, the Fairness in Construction Act applies to the Contract. Ky. Rev. Stat. Ann. § 371.425(1).

45. On October 12, 2017, and in accordance with the Fairness in Construction Act, Viking submitted to Aleris the last of its Project close-out documents, and made a "timely, properly completed, undisputed request for payment" for its work on the Project. Ky. Rev. Stat. Ann. § 371.405(6).

46. Aleris has approved and accepted all of Viking's work without objection or complaint and has not disputed or contested the amount of retention owed Viking.

47. Aleris has failed to make timely payment to Viking as required by the Fairness in Construction Act, and failed to notify Viking of its reasons for withholding payment.

48. Viking has satisfied all conditions precedent for asserting a claim under the Fairness in Construction Act.

49. Aleris has improperly failed and refused to release Viking's retention until Viking provides a complete and unqualified release of all liens and claims, including a release and waiver of Viking's claim to the amounts sought for delays as requested in Change Order Request No. 20.

50. The contractual term requiring Viking to provide a full and final release of all claims as a prerequisite to receive retention is void and unenforceable under the Fairness in Construction Act, and provides Aleris no good faith reason for withholding Viking's retention. *See* Ky. Rev. Stat. Ann. § 371.425(2)(c).

51. Because Aleris has failed to pay Viking following receipt of Viking's "timely, properly completed, undisputed request for payment" and because Viking has substantially completed its work on the Project, Viking is entitled to full payment of its retention plus interest at the rate of 12% per annum on the unpaid amount. Ky. Rev. Stat. Ann. §§ 371.405(6), 371.410(3).

52. Further, because Aleris is without a good-faith basis for withholding payment, and because Viking was required to initiate the within legal action to recover unpaid sums due and owing Viking and enforce Aleris's obligations under the Contract and the Fairness in Construction Act, Viking is entitled to an "award of costs and reasonable attorney's fees" from Aleris relating to the within legal action. Ky. Rev. Stat. Ann. § 371.415.

**WHEREFORE**, Viking Erectors Corp. respectfully requests that this Honorable Court grant judgment in its favor and against Aleris Rolled Products, Inc. in an amount in excess of $75,000.00 as determined at trial, as well as costs, prejudgment interest, post judgment interest, and any other relief the Court deems appropriate.

**JURY TRIAL DEMANDED**

Respectfully submitted,

Dated: January 4, 2018

*s/Robert M. Stonestreet*
Robert M. Stonestreet, Esq. (Ohio No. 0095383)
BABST, CALLAND, CLEMENTS & ZOMNIR, P.C.
BB&T Square
300 Summers Street Suite 1000
Charleston WV 25301
(681) 205-8888
(681) 205-8814 (fax)
rstonestreet@babstcalland.com

David E. White, Esq. (*pro hac vice* application to be submitted)
Marc J. Felezzola, Esq. (*pro hac vice* application to be submitted)
BABST, CALLAND, CLEMENTS & ZOMNIR, P.C.
Two Gateway Center, 8th Floor
Pittsburgh, PA 15222
Firm I.D. No. 812
(412) 394-5400
(412) 394-6576 (fax)
dwhite@babstcalland.com
mfelezzola@babstcalland.com

*Counsel for Plaintiff Viking Erectors Corp.*